UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| ANTHONY HITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-CV-012-CHB |
| | ) | |
| JKM TRAINING, INC., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on plaintiff's Motion to Remand [R. 5]. For the reasons stated below, the Court **DENIES** the Motion.

1. **Factual Background**

On or about January 8, 2018, Plaintiff Anthony Hite ("plaintiff") filed a complaint in Pike Circuit Court alleging personal injury due to the negligence of Defendant JKM Training, Inc. ("defendant"), its employees, contractors, or agents. [R. 1, Ex. A] The plaintiff's alleged injuries occurred during plaintiff's participation in a Safe Crisis Management training program. *Id*. The plaintiff, a Kentucky resident, was an employee of the Pike County Board of Education, which hired the defendant, a Pennsylvania corporation, to conduct the training that gave rise to plaintiff's alleged injuries. *Id*.

The defendant filed a Petition for Removal on February 2, 2018, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). [R. 1] Defendant alleged there was complete diversity of citizenship between plaintiff and defendant, and the amount in controversy, exclusive of interest and costs, exceeded the requisite sum of $75,000. *Id*. at p. 2. On February 28, 2018, plaintiff filed a Motion for Remand pursuant to 28 U.S.C. § 1447(c). [*See* R. 5] Plaintiff's argument for

1

remand can be summarized as follows: plaintiff has not been afforded the opportunity to conduct any discovery. Discovery might reveal the identity of another defendant, namely, an employee, agent, or contractor of the defendant who gave rise to his injuries. *Id*. at 2. Thus, "[s]hould th[is] employee, agent, or contractor reside in the Commonwealth of Kentucky, the plaintiff would move to join him, as a party[,] and diversity would be defeated." *Id*. Defendant filed a response in opposition. [R. 6]

   2.    **Analysis**

Federal courts have "original jurisdiction of all civil actions ... between citizens of different States" when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "[C]omplete diversity between all plaintiffs and all defendants" is required; no plaintiff can be the citizen of the same state as any defendant. *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005)). The Court must determine whether complete diversity exists between the parties at the time of removal. *See Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536, 539 (6th Cir. 2006).

The plaintiff's Motion to Remand [R. 5] challenges the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), which says "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Based on the removal papers, at the time plaintiff filed his complaint in Pike Circuit Court, plaintiff was a resident of Kentucky, and defendant was a Pennsylvania corporation with its main administrative office and principal place of business in Pennsylvania. [R. 1, at p. 2] Plaintiff acknowledges that his damages are in excess of the jurisdictional limits of the United States District Court. *Id*. at p. 3. Plaintiff asks this Court to assume jurisdiction will be destroyed because some unidentified employee, agent, or contractor of the defendant *could*

turn out to be a Kentucky resident, thus destroying diversity of citizenship between the parties. [R. 5, at p. 1-2] He urges that this action be remanded so that he can undertake discovery to flush out the identity of this person who committed the negligent acts and confirm that jurisdiction is destroyed.

The Court does not deal in hypotheticals. Instead, the Court must determine whether complete diversity exists between *identified* parties at the time of removal. *See Curry,* 462 F.3d at 539 (6th Cir. 2006). Since complete diversity existed between the defendant and the plaintiff at the time this action was removed, remand is not proper. Should the parties' discovery raise concrete jurisdictional challenges, the Court will address them at that time. Accordingly, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Remand [**R. 5**] is **DENIED**.

2. The Court will enter a subsequent Order for Meeting and Report following entry of this Order.

This the 17th day of August, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY